UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT LARSON,<br><br>        Plaintiff,<br><br>        v.<br><br>JAMES MCDONALD, et al.,<br><br>        Defendants. | Case No. 16-cv-00871-EMC<br><br>**ORDER REQUIRING COMPLAINT**<br><br>Docket No. 1 |

    This action was opened when Scott Larson filed a "motion for enforcement of court-ordered medical care." Docket No. 1. He seeks an order to show cause why the California Department of Corrections & Rehabilitation (CDCR) is not providing hernia repair surgery. He alleges that the failure to provide the surgery violates the mandates of *Plata v. Brown*, N. D. Cal. Case No. 01-1351 EMC. Docket No. 1 at 1-2.

    Mr. Larson alleges that he developed a hernia in April 2015 while he was housed at the LaPalma Correctional Center in Eloy, Arizona (where he apparently was housed as an out-of-state California prisoner). He sought medical care while at the LaPalma Correctional Center and allegedly was informed by a doctor at that facility that he needed surgery but "the surgery will not be performed until CDCR approves payment." *Id.* at 3.[1] Mr. Larson later was transferred back to

---

[1] Exhibits submitted by Mr. Larson show that he filed an inmate appeal which was denied at the second level on the ground that there was "no medical necessity for surgical repair at this time." Docket No. 1 at 20. Other exhibits show that Mr. Larson also contacted the Prison Law Office several times for help with his request for hernia surgery, and the Prison Law Office made several inquiries to CDCR officials about his condition. *Id.* at 24-30. The most recent response from the Prison Law Office was an October 5, 2015 letter explaining to Mr. Larson that he was mistaken in his belief that his hernia "is incarcerated and strangulated according to the medical records." *Id.* at 30. The actual diagnosis was not of a strangulated hernia. *Id.* "The provider determined that your condition was stable and surgery was not recommended, which is a good thing because it means your hernia was not immediately life-threatening." *Id.*

California, and recently informed the Court that he is now temporarily housed at the California Institute for Men in Chino, will be transferred to a new prison, and will notify the Court of that address when he is transferred.  Docket No. 11.

Mr. Larson's motion to enforce an order in *Plata* must be denied.  Judge Henderson has determined that individual inmates may not file *pro se* motions in the *Plata* case: "As members of the Plaintiff class, [individual] inmates are represented parties and may file motions only through their counsel of record.  Accordingly, . . . the Clerk shall not file in this action any further documents submitted by *pro se* inmates." *Plata v. Brown*, No. 01-1351, Order filed February 7, 2011 (Docket No. 2348).  Due to the disallowance of *pro se* motions in *Plata*, Mr. Larson's motion for enforcement of court-ordered medical care is **DISMISSED**.  (Docket No. 1.)

A motion is not a proper pleading to commence a civil action.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.")  If Mr. Larson wants to pursue a claim that prison officials have not provided the medical care to which he is constitutionally entitled, he must file a civil rights complaint because without such a pleading, the federal court does not have jurisdiction over the action.  The Clerk will mail to Mr. Larson a copy of this Court's civil rights complaint form for his convenience.  In filling out the complaint, Mr. Larson must be certain to name defendants and to link each of those defendants to his claim by alleging what each such defendant did or failed to do that caused a violation of his constitutional rights.  A medical care claim arises under the Eighth Amendment, because deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted).  For the subjective, or

"deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation and internal quotation marks omitted). Mr. Larson also should be certain to fill in the portion of the form complaint that asks him to list the relief he requests.

Mr. Larson must file his complaint no later than **May 27, 2016**. Failure to file the complaint by the deadline will result in the dismissal of this action for lack of subject matter jurisdiction. Finally, it is quite likely that this action will be transferred to another district, but the Court needs to see the complaint before making such a determination.

**IT IS SO ORDERED**.

Dated: April 19, 2016

_____
EDWARD M. CHEN
United States District Judge