UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT D. LARSON, | 1:16-cv-766-LJO-DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| JAMES MCDONALD AND SCOTT KERNAN, | |
| Defendants. | |

**PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## I. Screening requirement and standard.

Plaintiff Scott Larson is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on May 23, 2016, is currently before the Court for screening.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mereconclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which

---

[1] Plaintiff filed this case in February 2016 in the Northern District of California. *See* Doc. 1. The case was transferred to this Court on June 2, 2016. *See* Doc. 18.

requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Id.*

## II.     Plaintiff's allegations.

In April 2015, Plaintiff developed severe pain and a bulge in his lower abdominal area. The pain persisted for approximately one month. During that time, Plaintiff made multiple requests for medical attention, which he did not receive until May 30, 2015, when he presented to the emergency room. The physician, Dr. Giovino, confirmed that Plaintiff had an inguinal hernia. According to Plaintiff, Dr. Giovino opined that surgery was the only way to repair the hernia, but the California Department of Corrections and Rehabilitation ("CDCR") would not authorize it. Dr. Giovino provided Plaintiff with a truss belt and released him.

Over the next few months, the bulge reduced on its own. But in August 2015, Plaintiff presented to sick call, stating that the bulge had increased. Plaintiff was told that surgical repair was not medically necessary. At a follow-up appointment in September 2015, neither the hernia nor Plaintiff's pain had increased. Plaintiff was told to continue his current care plan. In October 2015, Plaintiff's request for surgery was again denied as medically unnecessary. In January 2016, "the Medical Director attempted to evaluate [Plaintiff] regarding [his] repeated request for surgery repair," but Plaintiff refused to be examined and left the appointment. Plaintiff's care plan was continued.

Plaintiff now brings this case against James McDonald, Warden of La Palma Correctional Center and Scott Kernan, Secretary of Prisons for CDCR. Plaintiff asserts Defendants' refusal to authorize surgery for his hernia constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

## III.     Analysis

Under the Eighth Amendment, the government has an obligation to provide medical care to those

who are incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). *Lopez* takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a Court must examine whether the plaintiff's medical needs were serious. *See id.* Second, a Court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." *Id.* at 1132. "The indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). For that reason, a difference of opinion between an inmate and prison medical personnel—or between medical professionals— regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d at 1058. To establish a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the course of treatment the [medical personnel] chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's complaint is premised exclusively on his belief that he needs surgery for his hernia; however, there is no indication in Plaintiff's records that surgery was necessary. Dr. Giovino, who allegedly told Plaintiff he needed surgery for his hernia, only recommended MiraLax for Plaintiff's constipation and a hernia belt, even after diagnosing Plaintiff with an inguinal hernia. The next day, La Palma health care providers saw Plaintiff and concluded that "[s]urgical correction at this point [was] elective, and not medically necessary." Plaintiff was seen at least three times in the between May 2015 and October 2015. None of his providers opined that surgery for his hernia was necessary. In January 2016, Plaintiff refused treatment. Simply put, Plaintiff's disagreement with his medical providers' opinions does not mean that Defendants have been deliberately indifferent. *See Sanchez*, 891 F.2d at

242; *Toguchi*, 391 F.3d at 1058

**IV. Conclusion and Order.**

For the reasons stated, Plaintiff's complaint fails to state a claim on which relief may be granted. Accordingly, the Court DISMISSES Plaintiff's complaint. Plaintiff is granted leave to file an amended complaint within 30 days of service of this Order to explain how Defendants were deliberately indifferent to his serious medical needs.

If Plaintiff elects to amend his complaint, he may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *George*, 507 F.3d at 607 (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S.Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff therefore must explain who did what and when, and how his/her conduct was unlawful.

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Thus, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. Local Rule 220.

IT IS SO ORDERED.

Dated:  **June 20, 2016**                              /s/ Lawrence J. O'Neill
                                                        UNITED STATES CHIEF DISTRICT JUDGE