# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SCOTT LARSON,** | **1:16-cv-766-LJO-DLB** |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| **JAMES MCDONALD AND SCOTT KERNAN,** | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se in this civil rights action brought under 28 U.S.C. § 1983. On June, 2016, the Court dismissed Plaintiff's complaint for failure to state a claim but gave leave to amend within thirty days. Doc. 22. Shortly before that deadline expired, Plaintiff filed a motion for an extension of time to file an amended complaint. Doc. 23. The Court afforded Plaintiff until August 4, 2016, to file an amended complaint. To date, Plaintiff has not done so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources.

Accordingly, the Court ORDERS that:

1. Within 14 days of service of this Order, Plaintiff shall either file an amended complaint or show cause as to why this action should not be dismissed with prejudice for failure to state a claim, failure to prosecute, and failure to comply with the Court's order ; and

2. If Plaintiff fails to show cause or file an amended complaint, the Court will dismiss this case with prejudice.

IT IS SO ORDERED.

Dated:   **August 26, 2016**          /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE